Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2021 09:04 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Miramontes,Deputy Clerk

Daniel Azizi, Esq. - State Bar No. 268995
**DOWNTOWN L.A. LAW GROUP**
601 N. Vermont Ave.
Los Angeles, CA 90004
Tel: (213) 389-3765
Fax: (877) 389-2775
Email: Daniel@downtownlalaw.com

Attorneys for Plaintiff
VIVIAN DONOHUE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| VIVIAN DONOHUE, an individual.<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation; JOEY, an individual; and DOES 1-25, inclusive.<br><br>Defendants. | Case No.: 21STCV28983<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. PREMISES LIABILITY<br><br>[JURY DEMANDED] |

COMES NOW, Plaintiff, VIVIAN DONOHUE, and alleges against Defendants, and each of them, as follows:

1. Plaintiff VIVIAN DONOHUE is an individual and is now, and at all times mentioned in this complaint was, an adult resident of Los Angeles County, California.

2. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation; JOEY, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned were individuals, corporations, sole proprietors, shareholders, associations, partners and

1 partnerships, joint venturers, and/or business entities unknown, primarily residing and doing
2 business in the county of Los Angeles, State of California.
3     3.      Plaintiff is informed and believes, and based upon such information alleges that
4 Defendant JOEY was a supervisor and/or manager of the store at the time of Plaintiff's slip
5 and fall. Based on information and belief, JOEY is now, and at all times mentioned in this
6 complaint was, an adult resident of Los Angeles County, California. It is believed that JOEY
7 was responsible for the maintenance of the store at the time of Plaintiff's slip and fall, was
8 responsible to verify that there was in place a policy which provided for the maintenance of
9 the store according to industry standards, was responsible for the training and education of
10 the store employees who were tasked with conducting the maintenance of the store, and was
11 responsible for verifying that the store be maintained according to industry standards and
12 sufficient policies and procedures.
13     4.      Defendants DOES 1-25, inclusive, are sued herein under fictitious names, their true
14 names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to
15 allege their true names and capacities when ascertained. Plaintiff is informed and believes
16 and thereon alleges that each of the fictitiously named Defendants is responsible in some
17 manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were
18 proximately caused by those Defendants.
19
20     5.      Plaintiff is informed and believes, and based upon such information and belief alleges
21 that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation;
22 JOEY, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned where
23 individuals, corporations, sole proprietors, shareholders, associations, partners and
24 partnerships, joint venturers, and/or business entities unknown, primarily residing and doing
25 business in the County of Los Angeles, State of California. At all times herein mentioned,
26 said Defendants were the owners, lessors, sub-lessors, managing agents, landlords, renters,
27 managers, operators, marketers, inspectors, maintainers and controllers, of a commercial
28

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA 90004

property located at 1827 Walnut Grove Ave., Rosemead, CA 91770, (hereinafter referred to as "THE SUBJECT PREMISES"), to which building the general public is invited to come.

6.  At all times herein mentioned, each of the Defendants were the agents, servants, and employees of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with permission and consent of their co-defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

7.  Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 6, and by this reference incorporates said paragraphs as though fully set forth herein.

8.  On April 29, 2020 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. Plaintiff was walking near the hair products aisle of the subject premises when, suddenly and without warning, Plaintiff slipped on an unknown substance on the floor and fell violently to the floor, causing Plaintiff to sustain the serious injuries and damages described below.

9.  Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

10. By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, a dangerously dirty and/or wet floor that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

11. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining severe shock and injuries to her person, all of which said injuries have caused, continue to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering; Plaintiff is informed and believes, and therefore alleges, that said injuries are permanent in nature, all to her damage in a sum according to proof.

12. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, as aforesaid, Plaintiff has been required to obtain medical services, and Plaintiff has suffered severe emotional distress.

## SECOND CAUSE OF ACTION
## PREMISES LIABILITY
### (Against All Defendants)

13. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 12, and by this reference incorporates said paragraphs as though fully set forth herein.

14. On April 29, 2020 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. Plaintiff was walking near the hair products aisle of the subject premises when, suddenly and without warning, Plaintiff slipped on an unknown substance on the floor and fell violently to the floor, causing Plaintiff to sustain the serious injuries and damages described below.

15. On or about April 29, 2020, Defendants WALMART, INC., a Delaware corporation; JOEY, an individual; and DOES 1-25, inclusive, carelessly and negligently owned, rented, managed, leased, supervised, inspected, operated, maintained and/or controlled the premises located at or near 1827 Walnut Grove Ave., Rosemead, CA 91770, such that it was in a dangerous, defective and unsafe condition in conscious disregard for the risk of harm to invitees thereon. By reason of said carelessness, negligence and conscious disregard of the

Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, VIVIAN DONOHUE.

16. Defendants WALMART, INC., a Delaware corporation; JOEY, an individual; and DOES 1-25, inclusive, and each of them, failed to warn Plaintiff of said dangerous, defective and unsafe condition, although said Defendants, and each of them, knew of said condition.

17. As a direct and legal result of said carelessness, negligence and conscious disregard of Defendants WALMART, INC., a Delaware corporation; JOEY, an individual; and DOES 1-25, inclusive, and each of them, Plaintiff was seriously injured when she slipped and fell on a dangerously dirty and/or wet floor that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For general damages in a sum according to proof;
2. For medical, hospital, and related expenses according to proof;
3. For loss of earnings according to proof;
4. For loss of future earning capacity according to proof;
5. For pre- and post-judgment interest and costs of suit incurred herein;
6. For such other and further relief as this Court may deem proper.

DATED: August 5, 2021                     **DOWNTOWN L.A. LAW GROUP**

BY: Daniel Azizi, Esq.
Attorney for Plaintiff,
VIVIAN DONOHUE

///

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED: August 5, 2021

DOWNTOWN L.A. LAW GROUP

BY: Daniel Azizi, Esq.
Attorney for Plaintiff,
VIVIAN DONOHUE