# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN DONOHUE, <br>     Plaintiff, <br><br> v. <br><br> WALMART, INC., et al., <br>     Defendants. | CV 22-3613 DSF (Ex) <br><br> Order DENYING Motion to Remand (Dkt. 13) |

    Defendant Walmart, Inc. removed this action on May 26, 2022. Plaintiff Vivian Donohue now moves to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 12, 2022 is removed from the Court's calendar.

    Plaintiff argues that the purported joinder of "Joey" – alleged to be a Walmart employee at its Rosemead, California location – defeats diversity. However, 28 U.S.C. § 1441(b)(1) explicitly requires that "the citizenship of defendants sued under fictitious names . . . be disregarded" for the purposes of removal jurisdiction.

    Even if there were situations where a partially or fictitiously named defendant was sufficiently well-described in the complaint so that they could be identified and their citizenship known, that is not the case here. All that is alleged is that the individual's name is "Joey" and that he is presumed to be "a supervisor and/or manager" at the Rosemead store. See Compl. ¶ 3. Plaintiff now suggests that "Joey" may actually be a person named Jose Lopez, although there seems to be no basis for this belief other than that Lopez contributed to an incident report

about Plaintiff's fall and "Jose" is close in spelling to "Joey."  <u>See</u> Fradkin Reply Decl. ¶¶ 5-6.

Plaintiff's minimal knowledge about the identity of "Joey" more than a year after the filing of this case and more than three months after removal gives the Court no reason to diverge from § 1441's rule that fictitiously named defendants should be disregarded for the purposes of diversity in removed cases.

The Court also concludes that the amount in controversy is satisfied.  Plaintiff has already identified at least $154,601 in medical expenses alone in her responses to state court form interrogatories.  This is obviously in excess of $75,000.

The Court is satisfied that diversity jurisdiction exists.  The motion to remand is DENIED.

IT IS SO ORDERED.

Date: September 6, 2022

*Dale S. Fischer*
Dale S. Fischer
United States District Judge